UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

YING Y. LAI,

                                 Plaintiff,

-against-

KUN FUK CHENG a/k/a STEVEN CHENG, THE
UNITED STATES OF AMERICA and "JOHN DOE NO.
1" through "JOHN DOE NO. 15", the last fifteen names
being fictitious persons or parties unknown to plaintiff, the
persons or parties intended being the tenants, occupants,
persons or corporations, if any, having or claiming an
interest in or lien upon the premises described in the
Complaint,

                                 Defendant.

Civil Action No.
(TJM/RFT)

## STIPULATION AND ORDER REMANDING ACTION
## TO STATE COURT PURSUANT TO 28 U.S.C. §1447(c)

**WHEREAS**, on November 17, 2004, the defendant United States of America filed an Indictment against defendant Kun Fuk Cheng in criminal case no. 04-CR-544 which included a forefeiture allegation and on November 18, 2004, a Lis Pendens was filed respecting the real property commonly known as 1885 Central Avenue, Albany, New York ("1885 Central Avenue"); and

**WHEREAS**, on or about May 2, 2005, this action was commenced in the New York State Supreme Court for the County of Albany, by plaintiff Ying Y. Lai, to foreclose her mortgage interest in and to 1885 Central Avenue; and

**WHEREAS**, on or about June 7, 2005, the defendant United States of America filed a Notice of Removal of the above-entitled action in the Office of the Clerk of the United States District Court for the Northern District of New York; and

**WHEREAS**, on or about July 8, 2005, the defendant United States of America served upon Plaintiff's counsel an Answer to Foreclosure Complaint, alleging, among other things, as and for a Affirmative Defense, that the Plaintiff's foreclosure action was barred pursuant to 21 U.S.C. §853(k)(2); and

**WHEREAS**, the time for any and all named defendants to appear, answer or otherwise move with respect to Plaintiff's Foreclosure Complaint has expired and has not been extended by stipulation, order of the court, or otherwise, and none of the defendants, other than the United States of America, has appeared or answered the Plaintiff's Foreclosure Complaint; and

**WHEREAS**, on or about October 19, 2005, a Stipulation and Order to Stay Foreclosure Proceedings and for the Interlocutory Sale of Real Property was entered in the within action, pursuant to which this action was stayed for a period of ninety (90) days, during which time 1885 Central Avenue was to be listed for sale with a licensed real estate broker and sold at fair market value subject to the terms and conditions listed therein; and

**WHEREAS**, upon consent of the parties, the within action was stayed for consecutive ninety (90) day periods up through and including January 31, 2008 with periodic status reports having been filed with the Court; and

**WHEREAS**, on or about February 26, 2008, a Stipulation and Order Terminating Stay of Foreclosure Proceedings was entered in the within action, pursuant to which its was ordered that (i) the Answer to Foreclosure Complaint filed by the United States of America was withdrawn, and (ii) the stay of foreclosure proceedings respecting 1885 Central Avenue was terminated so that Plaintiff may continue pursuing her state law rights and remedies under the mortgage being foreclosure herein; and

**WHEREAS**, 28 U.S.C. §1447(c) provides, in pertinent part, that "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"; and

**WHEREAS**, the parties agree that the Court now lacks subject matter jurisdiction pursuant to 28 U.S.C. §§ 1346(f), 1441, 1444, 1446(a) and 2410 and that this action should be remanded to the New York State Supreme Court for the County of Albany in order for Plaintiff to pursue her state law foreclosure proceedings.

**NOW, THEREFORE**, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The Defendant United States of America and Plaintiff Ying Y. Lai agree that the District Court no longer has subject matter jurisdiction over Plaintiff's state law foreclosure proceedings and that this action should be remanded to the New York State Supreme Court for the County of Albany pursuant to 28 U.S.C. §1447(c) in order for the Plaintiff to pursue foreclosure of her mortgage.

2. The Defendant United States of America and Plaintiff Ying Y. Lai agree that Plaintiff shall not be paid any of her costs and actual expenses incurred as a result of the removal, as allowed by 28 U.S.C. §1447(c).

3. The Defendant United States of America and Plaintiff Ying Y. Lai agree that pursuant to 28 U.S.C. §1447(c), a certified copy of this Stipulation and Order shall be mailed by the District Court Clerk to the Clerk of the New York State Supreme Court for the County of Albany.

**[SIGNATURES APPEAR ON FOLLOWING PAGE]**

## SIGNATURES

Dated: March 25, 2008

NOLAN & HELLER, LLP
*Attorneys for Plaintiff Ying Y. Lai*

By: /s/ Marco B. Koshykar
Marco B. Koshykar, Esq.
39 North Pearl Street, 3rd Floor
Albany, New York 12207
(518) 449-3300

March 24, 2008

UNITED STATES OF AMERICA
Glenn T. Suddaby
United States Attorney
Northern District of New York

By: /s/ Thomas A. Capezza
Thomas A. Capezza
Assistant United States Attorney

**[ORDER APPEARS ON FOLLOWING PAGE]**

AND, in accordance with the above Stipulation, it is hereby

**ORDERED**, that this action is, and the same hereby be, remanded to the New York State Supreme Court for the County of Albany pursuant to 28 U.S.C. §1447(c) in order for the Plaintiff to pursue foreclosure of her mortgage under state law; and it is further

**ORDERED**, that Plaintiff shall not be paid any of her costs and actual expenses incurred as a result of the removal; and it is further

**ORDERED**, that pursuant to 28 U.S.C. §1447(c), a certified copy of this Stipulation and Order be mailed by the District Court Clerk to the Clerk of the New York State Supreme Court for the County of Albany.

April 1, 2008

Hon. Randolph F. Treece,
United States Magistrate Judge

55861

5